**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**


| | |
|---|---|
| **THE SHERWIN-WILLIAMS COMPANY,** <br> **Plaintiff,** <br><br> v <br><br> **BEI ENTERPRISES, INC.** <br> *doing business as* BEI AUTO BODY and **JOSEPH** <br> **BELLISARIO** *an individual*, <br> **Defendants.** | ) <br> ) <br> ) <br> )   **2:12-cv-603** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

<u>**MEMORANDUM OPINION AND ORDER OF COURT**</u>

Now pending before the Court is PLAINTIFF/COUNTER-DEFENDANT'S MOTION

TO DISMISS COUNTS III, IV AND V OF FIRST AMENDED COUNTERCLAIM (Document

No. 29) filed by The Sherwin-Williams Company ("Sherwin-Williams").[1]

Defendants/Counterclaimants (collectively "BEI")  filed a response; Sherwin Williams filed a

reply; and the motion is ripe for disposition.

As a result of the thorough briefing by the parties, only one discrete legal dispute

remains.  Specifically, the parties dispute whether the "fraudulent inducement" claim in Count

III is governed by the Pennsylvania parol evidence rule or the Ohio parol evidence rule.  The

choice of law is dispositive because under Pennsylvania law, a fully–integrated contract bars

claims for fraudulent inducement, while under Ohio law, fraudulent inducement claims remain

cognizable.  Sherwin-Williams also moved to dismiss the fraudulent and negligent

misrepresentation claims in Counts IV and V based on the "gist of the action" doctrine, which

BEI has not contested.

---

[1] The original motion to dismiss filed by Sherwin Williams (Document No. 21) is **DENIED AS MOOT** due to the filing of the Amended Counterclaim.

<u>Factual and Procedural Background</u>

BEI is a Pennsylvania corporation which is in the business of repairing and painting automobiles.  Sherwin-Williams is an Ohio corporation which sells automotive paint products. In May 2010, representatives of Sherwin-Williams came to the BEI shop in Pittsburgh, Pennsylvania to solicit business.  BEI avers that the representatives made a number of material misrepresentations regarding the operation and performance of the Sherwin-Williams products and systems, which induced BEI to enter into a Supply Agreement.  In particular, BEI contends that the Sherwin-Williams representatives mis-stated the color matching abilities of the system.

On May 28, 2010 the parties entered into a Supply Agreement.  Of particular relevance to this case, the Agreement provided: [2]

(1) "This Agreement shall be governed by the internal laws of the State of Ohio"; and

(2) "This Agreement constitutes the entire understanding and agreement between the parties hereto with reference to its subject matter.  No statement or agreement, oral or written, made prior to this Agreement shall vary or modify the written terms hereof."

In July 2011, the parties' business relationship deteriorated to the point that BEI stopped purchasing paint from Sherwin-Williams.  This litigation followed.

<u>Legal Analysis</u>

The parties agree that the "choice of law" analysis will be dispositive of the fraudulent inducement claim.  The first step, as a federal court exercising diversity of citizenship jurisdiction, is to apply the choice of law rules of Pennsylvania—the state in which this court

---

[2] The Supply Agreement has not been provided to the Court.  *See* Complaint ¶ 6.  However, there does not appear to be any dispute as to the accuracy of the quotation of these provisions.

exists.  *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).  Pennsylvania courts

have adopted § 187 of the Restatement (Second) of Conflict of Laws, which provides:

> (1) The law of the state chosen by the parties to govern their contractual rights
> and duties will be applied if the particular issue is one which the parties could
> have resolved by an explicit provision in their agreement directed to that issue.
>
> (2) The law of the state chosen by the parties to govern their contractual rights
> and duties will be applied, even if the particular issue is one which the parties
> could not have resolved by an explicit provision in their agreement directed to
> that issue, unless either
>
>> (a)     the chosen state has no substantial relationship to the parties or the
>>          transaction and there is no other reasonable basis for the parties'
>>          choice, or
>> (b)     application of the law of the chosen state would be contrary to a
>>          fundamental policy of a state which has a materially greater
>>          interest than the chosen state in the determination of the
>>          particular issue and which, under the rule of § 188, would be
>>          the state of the applicable law in the absence of an effective
>>          choice of law by the parties.
>
> (3) In the absence of a contrary indication of intention, the reference is to the local
> law of the state of the chosen law.

Pennsylvania law "generally honor[s] the intent of the contracting parties and enforce[s] the

choice of law provisions in contracts executed by them." *Coram Healthcare Corp. v. Aetna U.S.

Healthcare, Inc.*, 94 F.Supp.2d 589, 593 (E.D. Pa. 1999) (citations omitted).  Thus, there is no

dispute that Ohio law governs the breach of contract and breach of warranty claims asserted in

Counts I and II of the counterclaim.  The parties vigorously dispute, however, whether the

contractual choice of law provision governs the fraudulent inducement claim.

In *Coram*, the "Governing Law" provision stated: "This Agreement shall be governed by

the laws of the State of Delaware."  That provision appears to be functionally equivalent to the

provision in the Sherwin-Williams and BEI Supply Agreement at issue in this case, which states:

"This Agreement shall be governed by the internal laws of the State of Ohio."  The *Coram* Court

explained that this language created a narrow "choice of law" provision, which did not encompass a fraudulent inducement claim:

> We read the language of the Master Agreement to mean that only claims relating to the construction and interpretation of the contract will be judged according to Delaware law. In essence, Coram and Aetna have agreed that that state's law will control those issues involving their rights and duties under the contract itself. A breach of contract claim is clearly contemplated. Beyond this, the parties did not go. They did not provide more broadly that Delaware law would apply to tortious conduct that led up to the execution of the contract or to other actions arising out of their relationship. *See Krock v. Lipsay*, 97 F.3d 640, 645 (2d Cir. 1996). Significantly, they did not refer to the matter of contract validity. If these sophisticated parties had wanted a more expansive choice of law provision, they could easily have drafted one.

The *Coram* Court reasoned that a claim for fraudulent inducement emanates from events that occurred before the agreement even came into being and are separate and distinct from any breach of contract, which presupposes the existence of a valid agreement. Thus, the Court concluded that the fraudulent inducement claim was not subject to the parties' contractual choice of law provision. The same analysis applies here. The Supply Agreement's choice of Ohio law is limited to the Agreement itself, and does not embrace all aspects of the legal relationship between Sherwin-Williams and BEI. In sum, the contractual "choice of law" provision is not dispositive.

However, that does not end the analysis. The next step in the Pennsylvania "choice of law" analysis is a flexible, two-step process by which the Court evaluates the policies and interests underlying the particular issue. First, the Court must consider whether a "false conflict" or a "true conflict" exists between the competing policies and interests of the relevant states. *Id.* at 594. Second, if there is a true conflict, the Court must decide "which state has the greater interest in the application of its law." *Id.*

A false conflict exists when only one jurisdiction's governmental interests would be impaired by the application of the other jurisdiction's law. A true conflict exists when the interests of each state would be impaired if the law of the other is given effect. *Id*. Under Pennsylvania law, the parol evidence rule bars claims of fraud in the inducement and only allows claims of fraud in the execution. *Id*. at 592 (*citing Dayhoff, Inc. v. H.J. Heinz, Co*., 86 F.3d 1287, 1300 (3d Cir. 1996); *1726 Cherry Street Partnership v. Bell Atlantic Properties, Inc*., 653 A.2d 663, 666 (Pa. Super. 1995); and *HCB Contractors v. Liberty Place Hotel Assoc*., 652 A.2d 1278, 1279 (Pa. 1995)). "The Pennsylvania parol evidence rule is premised on the principle that if a sophisticated, well-represented party [ ] intends to rely on significant representations made prior to the execution of a fully integrated contract, that party can protect itself from fraud or mistake by including those representations in the final written agreement." *Id*. In short, Pennsylvania has adopted a pro-defendant policy which bars fraudulent inducement claims. Under Ohio law, by contrast, parol evidence may be used to prove fraud in the inducement, if the alleged false promise is either independent of or consistent with the written instrument. *See Korff v. Hilton Resorts Corp*., 797 F. Supp.2d 875, 882 & n.3 (N.D. Ohio 2011) (citations omitted). Thus, Ohio law (like the Delaware law at issue in *Coram*) reflects a policy of "protecting its citizens from the harmful consequences of an ill-gotten agreement." *Coram*, 94 F. Supp.2d at 594. This creates a "true conflict" between Pennsylvania and Ohio law.

Thus, the Court must evaluate the interests of each state in the application of the respective laws of each state. As explained in *Coram*:

> To make this determination, we review "what contacts each state has with the [events giving rise to the claim], the contacts being relevant only if they relate" to the policies and interests identified in the first step. Pennsylvania courts have often looked to the Restatement to identify what contacts to consider. The contacts, which are to be measured qualitatively rather than quantitatively, include: the place where the injury occurred; the place where the conduct causing

5

the injury occurred; the domicile, residence, place of business, and place of incorporation of the parties; and the place where the relationship between the parties is centered. In fraud cases, the Restatement places particular importance on the "state where the false representations were made and received" if the "plaintiff's action in reliance took place" in the same state. Restatement (Second) of Conflict of Laws § 148(1).

*Id.* (citations omitted).

The circumstances of this case are somewhat ironic. The Ohio corporation is advocating for application of Pennsylvania law, while the Pennsylvania citizens assert that Ohio law should control. The actual relationship of the parties is centered in Pennsylvania, and Pennsylvania's interests are at least equal to those of Ohio on all other relevant factors. Because the claim at issue involves alleged fraud, the Court places particular importance on the state in which the alleged misrepresentations were made and received. The pleadings make clear that such events occurred in Pennsylvania. *See* Counterclaim ¶ 120 (Sherwin-Williams representatives approached Bellisario at his auto-body shop in Pittsburgh, Pennsylvania). In sum, Pennsylvania law will be applied.

Under Pennsylvania law, BEI may not pursue a fraudulent inducement claim. The Supply Agreement contains an integration/merger clause, which provides: "This Agreement constitutes the entire understanding and agreement between the parties hereto with reference to its subject matter. No statement or agreement, oral or written, made prior to this Agreement shall vary or modify the written terms hereof." Accordingly, hereinabove explained, the Pennsylvania parol evidence rule bars claims based on prior, oral representations.

In accordance with the foregoing, PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS COUNTS III, IV AND V OF FIRST AMENDED COUNTERCLAIM (Document No. 29) will be **GRANTED**.

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **THE SHERWIN-WILLIAMS COMPANY,**<br>**Plaintiff,** | )<br>)<br>) |
| **v** | )  **2:12-cv-603**<br>) |
| **BEI ENTERPRISES, INC.**<br>*doing business as* BEI AUTO BODY and **JOSEPH**<br>**BELLISARIO** *an individual*,<br>**Defendants.** | )<br>)<br>)<br>) |

## ORDER OF COURT

AND NOW, this 30th day of November, 2012, in accordance with the foregoing

Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that

PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS COUNTS III, IV AND V

OF FIRST AMENDED COUNTERCLAIM (Document No. 29) is **GRANTED**.

Sherwin-Williams shall file an Answer to Counts I and II of the First Amended

Counterclaim on or before December 14, 2012.


BY THE COURT:

s/Terrence F. McVerry
United States District Judge


cc:    **Joseph J. Bosick, Esquire**
       Email: jjb@pietragallo.com
       **Michael M. Jacob, Esquire**
       Email: michael@djwlawfirm.com
       **Jeffrey D. Wilson, Esquire**
       Email: jeff@djwlawfirm.com

       **Noah Paul Fardo, Esquire**
       Email: npf@pghfirm.com
       **Shawn T. Flaherty, Esquire**
       Email: stf@pghfirm.com